**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

SUSAN SHANAHAN,

               Plaintiff,

vs.

THOMAS GROUP, INC.

               Defendants.

CIVIL ACTION NO.:

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW, Plaintiff Susan Shanahan ("Plaintiff") and sets forth this Complaint for damages and demand for jury trial against Thomas Group, Inc. ("Defendant"). Plaintiff respectfully shows this Court as follows:

## INTRODUCTION

1.

Plaintiff began employment with Defendant in June 2013 and successfully performed her job duties in an Accounting/Administrative position for approximately six years until her termination on August 9, 2019. She excelled at her position during her employment, and never received any write-ups, written or

otherwise. She directly reported to the Chief Executive Officer, Kenneth G. Thomas. While working for Kenneth G. Thomas, Plaintiff was required to order Playboy magazines for Kenneth G. Thomas. Kenneth G. Thomas perused the Playboy magazines while he was at work in his office. Plaintiff could see the pictures of naked women in the magazine when she routinely had to go into the office of Kenneth G. Thomas to discuss employment-related matters. During Plaintiff's employment, Plaintiff was subjected to discrimination on the basis of sex, and was also subjected to harassment, and a severe, pervasive and hostile work environment.

2.

This is an action seeking declaratory, injunctive, and equitable relief, as well as monetary damages to redress Defendant's violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII").

3.

Defendant's unlawful conduct was knowing, malicious, willful, and wanton and/or showed a reckless disregard for Plaintiff's protected rights, which has caused and continues to cause Plaintiff to suffer substantial economic and non-economic damages.

## JURISDICTION AND VENUE

4.

Plaintiff's claims present questions arising under federal law, thus jurisdiction is appropriate before this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343 and under 28 U.S.C. § 1367 because this action centers on questions of federal law as well as pendent state law claims.

5.

This court has personal jurisdiction over Defendant because it maintains its principal place of business within the Northern District of Georgia, Atlanta Division.

6.

Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b) and (c) because the events complained of herein occurred within the geographic boundaries of the United States District Court for the Northern District of Georgia and upon information and belief all parties to this action reside within the geographic boundaries of the United States District Court for the Northern District of Georgia. Plaintiff is a citizen of the State of Georgia and resides in this state, and is subject to the jurisdiction of this court.

## PARTIES

7.

Plaintiff Susan Shanahan is a former employee of Defendant, is a natural person who is a citizen of the United States and resides in Fulton County, Georgia. At all times relevant to this action, Plaintiff was a white female. Plaintiff submits herself to the jurisdiction of this Court.

8.

Defendant Thomas Group, Inc. is a corporation organized and existing under the laws of the State of Georgia and may be served with a copy of the Summons and Complaint to Registered Agent, Marc Barry Leitz, at 3490 Piedmont Road NE, Suite 400, Atlanta, Georgia 30305, Fulton County, Georgia.

9.

Plaintiff was employed by Defendant at all times material to this Complaint, and was terminated on August 9, 2019.

10.

Plaintiff is a member of a protected class under Title VII.

11.

During all time relevant to this lawsuit, Defendant employed more than fifteen (15) employees for each working day during each of twenty (20) or more calendar weeks in each calendar year relevant hereto and met the definition of "employer" under all applicable statute.

12.

Defendant is subject to the anti-discrimininationnation provision of Title VII.

## ADMINISTRATIVE PROCEEDINGS

13.

Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Attached hereto and incorporated herein is "Exhibit A".

14.

Plaintiff received a notice of right to sue from the EEOC within the last ninety (90) days and has complied with all other conditions precedent to the institution of this lawsuit. Attached hereto and incorporated herein is "Exhibit B".

15.

The EEOC investigated this matter, and issued a Letter of Determination. Attached hereto and incorporated herein as "Exhibit C".

## **STATEMENT OF FACTS**

### 16.

Plaintiff began working for Defendant in June 2013 and successfully performed her job duties in an Accounting/Administrative position for approximately five years until her termination on August 9, 2019.

### 17.

Spanning the six years of her employment with Defendant, Plaintiff was a loyal, hardworking, and dedicated employee.

### 18.

During her tenure with Defendant's company, Plaintiff was never counseled or written-up.

### 19.

At all times relevant hereto, Plaintiff was qualified for her Accounting/Administrative position with Defendant.

### 20.

Plaintiff directly reported to the Chief Executive Officer, Kenneth G. Thomas. While working for CEO Kenneth G. Thomas, Plaintiff was required to order Playboy magazines for CEO Kenneth G. Thomas.

21.

CEO Kenneth G. Thomas did not have the Playboy magazines delivered to his house; instead, he had them delivered to his business office.

22.

Kenneth G. Thomas perused the Playboy magazines while he was at work in his office. On many occasions, Plaintiff observed CEO Kenneth G. Thomas perusing the magazine and pictures of naked women while it was in his lap or on his desk, which she found offensive. Plaintiff routinely had to go into the office of CEO Kenneth G. Thomas to discuss employment-related matters.

23.

Defendant did not have a policy in place to allow for the reporting of severe, pervasive, and harassing conduct in the workplace, particularly one with an adequate reporting by-pass mechanism.

24.

Defendant failed to take reasonable care to prevent and correct the severe, pervasive and hostile work environment at Defendant's company.

25.

It was well known within the office, that CEO Kenneth G. Thomas perused the Playboy magazine and that it was an ongoing pattern and practice for him to look at pictures of naked women while sitting in his office, with his door open.

## COUNT ONE
## TITLE VII DISCRIMINATION AND HARASSMENT

26.

Plaintiff incorporates by reference each and every allegation set forth in the preceding paragraphs as if fully set forth herein.

27.

At all relevant times hereto, Plaintiff was an "employee" within the meaning of Title VII, and Defendant was an "employer" within the meaning of Title VII.

28.

As outlined above, Defendant violated Title VII when it discriminated against Plaintiff on the basis of sex, by requiring Plaintiff to order Playboy magazines and maintaining a subscription to Playboy magazine at work, by perusing pictures of naked women in his office with the door open, by failing to have a policy in place to allow for the reporting of severe, pervasive and hassing conduct in the workplace, and failing to take reasonable care to prevent and correct the hostile work environment.

29.

As outlined above, Defendant violated Title VII when it subjected Plaintiff to a hostile work environment because of Plaintiff's sex.

30.

Defendant is liable for harassment that Plaintiff was subjected to during the course of Plaintiff's employment with Defendant because Defendant failed to adopt an effective anti-harassment policy and failed to take reasonable steps to prevent and correct the hostile work environment.

31.

As a direct and proximate result of Defendant's discriminatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits, as well as severe mental anguish and emotional distress, including, but not limited to, depression, humiliation, embarrassment, stress, anxiety, loss of self-esteem and self-confidence, and emotional pain and suffering, for which Plaintiff is entitled to an award of damages, attorney's fees, and costs.

WHEREFORE, Plaintiff demands a trial by jury and for the following relief:

(a) that Summons issue;

(b) that Defendant be served with Summons and Complaint;

(c) that a trial by jury to all issues be had;

(d) that judgment be issued against Defendant for any and all general, special, liquidated, and where applicable, punitive damages as allowed by law under each and every count and cause of action contained in this Complaint;

(e) a declaratory judgment that the actions, conduct, and practices of Defendant complained of herein violate the laws of the United States and the state of Georgia.

(f) An injunction and order permanently restraining Defendant from engaging in such unlawful conduct;

(g) An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including, but not limited to, the loss of past and future income, wages, compensation, job security, and other benefits of employment;

(h) An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for harm to Plaintiff's professional and personal reputation and loss of career fulfillment;

(i) An award of damages for all other monetary and/or non-monetary losses Plaintiff suffered in an amount to be determined at trial, plus prejudgment interest;

(j) An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorney's fees to the fullest extent permitted by law; and

(k) Such other and further relief as the Court may deem just and proper.

Respectfully submitted this 20th day of January, 2021.

*/s/ Christine A. Forsythe*
Christine A. Forsythe
Georgia Bar No.: 321456
*Attorney for Plaintiff*

**The Forsythe Law Firm, LLC**
1050 Crown Pointe Parkway
Suite 500
Atlanta, GA 30338
Phone: (404) 476-2717
Fax: 770-212-9213
christine@forsythelawfirm.com

# EXHIBIT A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 410-2020-01255 |

| null | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| SUSAN M SHANAHAN | (770) 846-3653 | 1961 |

| Street Address | City, State and ZIP Code |
|---|---|
| 895 LACKEY RD.,  ROSWELL, GA 30075 | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.  (*If more than two, list under PARTICULARS below.*)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| THOMAS GROUP, INC. | 15 - 100 | (770) 451-4818 |

| Street Address | City, State and ZIP Code |
|---|---|
| 3684 N. PEACHTREE RD.,  CHAMBLEE,  GA 30341 | |

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

| Street Address | City, State and ZIP Code |
|---|---|
| | |

| DISCRIMINATION BASED ON *(Check appropriate box(es).)* | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|
| ☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN<br>☐ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION<br>☐ OTHER *(Specify)* | Earliest: 02-01-2019   Latest: 08-09-2019<br><br>☐ CONTINUING ACTION |

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I was hired by the above-named employer in June 2013, in an Accounting/Administrative position. During my employment, I was required to order Playboy magazines for the Chief Executive Officer.  The Chief Executive Officer looked at the Playboy magazines while he was at work.  I could see the pictures in the magazines when I went into his office to discuss employment-related matters.  In December 2018, I informed the CEO that I no longer wanted to be responsible for doing the 401K report because I would be held responsible if there were any mistakes on it. The CEO became angry and stopped speaking to me.  On August 9, 2019, I was discharged.

I was informed that I was discharged for failing to do the company's 401K report.

I believe that I have been discriminated against because of my sex (female), in violation of Title VII of the Civil Rights Act of 1964, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Susan Shanahan on 01-30-2020 10:49 AM EST** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (*month, day, year*) |

CP Enclosure with EEOC Form 5 (11/09)

PRIVACY ACT STATEMENT:  Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1.   FORM NUMBER/TITLE/DATE.  EEOC Form 5, Charge of Discrimination (11/09).

2.   AUTHORITY.  42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3.   PRINCIPAL PURPOSES.  The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4.   ROUTINE USES.  This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws).  Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination.  This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions.  A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5.   WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.  Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of.  Without a written charge, EEOC will ordinarily not act on the complaint.  Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed.  Charges may be clarified or amplified later by amendment.  It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA.  Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements.  You will be told which agency will handle your charge.  When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter.  Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings.  Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge.  Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation,

proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

# EXHIBIT B

EEOC Form 161-A (11/2020)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE
### *(CONCILIATION FAILURE)*

| To: | **Susan M. Shanahan**<br>**895 Lackey Rd.**<br>**Roswell, GA 30075** | From: | **Atlanta District Office**<br>**100 Alabama Street, S.W.**<br>**Suite 4R30**<br>**Atlanta, GA 30303** |
|---|---|---|---|

☐   *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **410-2020-01255** | **Jane Suk,**<br>**Investigator** | **(470) 531-4795** |

### TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge.  The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you.  In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case.  This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

## - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

*Daniel E. Nance*                    For          10/26/2021

**Darrell E. Graham,**
**District Director**

*(Date Issued)*

cc:   **Kelly Michael Hundley**
**Kelly Michael Hundley, LLC**
**316 Summit Street**
**Blue Ridge, GA 30513**

Enclosure with EEOC
Form 161-A (11/2020)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS    --    **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days of the date you *receive* this Notice**.  Therefore, you should **keep a record of this date**.  Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to
consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope or
record of receipt, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you
did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was
*issued* to you** (as indicated where the Notice is signed) or the date of the postmark or record of receipt, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate
State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief.  Your suit may include any matter
alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in
the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some
cases can be brought where relevant employment records are kept, where the employment would have been, or
where the respondent has its main office.  If you have simple questions, you usually can get answers from the
office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or
make legal strategy decisions for you.

PRIVATE SUIT RIGHTS    --    **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
<u>before 7/1/10</u> – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA,  GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION    --    **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above,
because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge
file, **please make your review request <u>within 6 months</u> of this Notice**.  (Before filing suit, any request should be
made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

# EXHIBIT C



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Atlanta District Office**

100 Alabama Street, SW, Suite 4R30
Atlanta, GA 30303
(404) 562-6827
TTY (404) 562-6801
FAX (404) 562-6909/6910

EEOC Charge No. 410-2020-01255

Susan M. Shanahan                          Charging Party
895 Lackey Road
Roswell, GA 30075

Thomas Group, Inc.                         Respondent
3684 N. Peachtree Road
Chamblee, GA 30341

## DETERMINATION

I issue the following determination on the merits of this charge.

Respondent is an employer within the meaning of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq. (Title VII). Timeliness and all other jurisdictional requirements for coverage have been met.

Charging Party alleges that she was subjected to a hostile work environment and discharged. Charging Party contends that Respondent engaged in the foregoing actions on the basis of her sex in violation of Title VII.

Respondent denies the allegations.

The Commission's investigation did not disclose sufficient evidence to support Charging Party's allegation that she was discharged because of her sex.

The evidence does reveal, however, that Respondent's CEO maintained a subscription to an adult magazine, at work. On multiple occasions, Charging Party observed the CEO reading the adult magazine in his office, which she found offensive.  Analysis of the evidence shows that Respondent failed to have a policy to allow for the reporting of harassing conduct in the workplace, particularly one with an adequate reporting by-pass mechanism.  The record establishes that Respondent failed to take reasonable care to prevent and correct the hostile work environment.

Based upon the evidence and the record as a whole, there is reasonable cause to conclude that Charging Party was discriminated against based on her sex, in violation of Title VII.

Upon finding that there is reason to believe that a violation has occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation. Therefore, the Commission now invites the parties to join with it in reaching a resolution of this matter. If you wish to participate in the conciliation, please **email Jane Suk, Senior Investigator at**

**jane.suk@eeoc.gov, within 10 days from the date of this LOD.** When the Respondent declines to enter into settlement discussions, or when the Commission's representative for any reason is unable to secure a settlement acceptable to the office Director, the Director shall so inform the parties in writing and advise them of the court enforcement alternative available to the Charging Party, aggrieved persons and the Commission. The confidentiality provision of the statute and Commission Regulations apply to information obtained during conciliation.

You are hereby reminded that Federal law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law. Discrimination against persons who have cooperated in the Commissions' investigation is also prohibited. The protections apply regardless of the Commission's determination on merits of the charge.

On Behalf of the Commission:

10/19/2021
_____          _____
Date                                    Darrell E. Graham
                                        District Director
                                        Atlanta District Office